[No. 10356. Department One. August 26, 1912.]

Nick Girocamo, *Respondent*, v. W. L. Tribble *et al.,* *Appellants.*[1]

Master and Servant—Negligence—Incompetent Fellow Servants—Evidence—Sufficiency. In an action for injuries sustained when a stone moved by a derrick struck one of the men, it is not sufficient evidence that the derrickman was incompetent that he had worked as a derrickman on this job but two days, and that a short time before, when a stone struck the car, the superintendent had rebuked the gang and instructed the derrickman.

Appeal—Review—Instructions. Instructions to the jury become the law of the case, so far as respondent is concerned.

Trial—Province of Court and Jury. Whether there is any evidence of a fact in issue is a question for the court.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 18, 1911, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained in the operation of a derrick. Reversed.

*Smith & Mack,* for appellants.
*Prather & Saunders,* for respondent.

Gose, J.—The plaintiff brought this suit to recover for personal injuries sustained while working for the defendant Tribble. From a verdict and judgment in his favor against Tribble, the latter has appealed.

[1]Reported in 126 Pac. 67.

The appellant, at the time the respondent sustained the injury complained of, was engaged in grading a railroad track. The work was in a deep rock cut, and was carried on in the following manner: The stone from the cut was raised and placed upon a car by means of a derrick and then hauled away. A horse was used for power to operate the derrick. The derrick was composed of a mast, boom, drums and cable. The cable extended from the drums through pulleys at the base and apex of the boom, and was of sufficient length to extend from the top of the boom to the object to be removed. There was a hook upon the end of the cable, which was placed in a chain around the stone desired to be moved. A guy rope was attached to the chain at a point near the stone, for the purpose of controlling its course and getting it upon the car. The respondent and three or four other men held the guy rope. The man who drove the horse acted as the signalman. The derrickman operated the gear and brake levers. These controlled the cable.

The negligence charged is, that the stone which struck the respondent was lying a few feet from the end of the boom; that the derrickman moved it too rapidly, thus causing it to swing and strike the respondent; that the derrickman was incompetent and negligent, and that his incompetency was known to the appellant.

The appellant, at the close of the respondent's evidence, and again at the close of all of the evidence, moved for a directed verdict. The denial of these motions constitutes the first and principal error relied upon. We think that both motions were well taken. The only evidence tending to show the incompetency of the derrickman is this: The respondent and his three witnesses began working for the appellant on the Saturday morning preceding the accident, and worked that day, a half of Sunday, and Monday morning for about two hours, when the respondent was injured. The derrickman who is charged with incompetency drove the horse on Saturday and operated the derrick on Sunday and

Monday. A short time before the respondent was injured, a stone which was attached to the cable struck the car. The appellant's superintendent then got upon the platform of the derrick, and according to the testimony of the respondent's witnesses, cursed "the whole gang," and gave the derrickman instructions. The work then proceeded and a short time thereafter the respondent sustained the injury. His testimony is that the stone was moved too fast, and that it was so large that the men at the guy rope could not control its course.

There is no evidence as to what caused the stone to strike the car. The appellant's counsel asked the witnesses what caused it to strike the car, and an objection was interposed and sustained. The respondent and his witnesses testified that they did not know whether the derrickman had operated a derrick before they commenced work. The mere fact that the derrickman drove the horse on Saturday does not tend to prove that he had not theretofore operated a derrick, nor that he was an incompetent derrickman. Nor does the fact that a stone had struck the car a short time before the accident and that the superintendent thereupon rebuked the "gang" and directed the derrickman, tend to prove that he was either incompetent or negligent. It is quite clear that the respondent's testimony is insufficient to establish incompetency. Moreover, the appellant's testimony, which stands undisputed, is that the derrickman had successfully operated a derrick for three or four weeks before the happening of the accident, and that he continued to do so for months thereafter without accident. The court instructed the jury that the derrickman was a fellow servant of the respondent; that the respondent was required to prove, first, that the servant was incompetent, and second, that the master knew it, or that, "in the light of the evidence," should have known it. The instruction became the law of the case so far as the respondent is concerned. This case is controlled by the case of *Long v. McCabe & Hamilton*, 52 Wash. 422, 100 Pac. 1016. In

that case, in discussing the controlling principles of law where the negligence relied on was the employment of a servant charged to be incompetent, we said:

"Negligence of the master in the performance of this duty will not be presumed from the mere occurrence of an accident, the result of a negligent act. It is a fact to be proved by plaintiff. He must show by a preponderance of the evidence two things: that the servant was incompetent, and that the master knew, or should have known, of his incompetency in the light of all the evidence."

We also said that it cannot be declared, as a matter of law, that a competent man is never negligent, and that "the duty of measuring the evidence, not as to its weight but its legal effect, is put upon the court." So in this case, the duty of determining whether there is any evidence of the incompetency of the derrickman is put upon the court, and our conclusion is that the appellant failed to overcome the presumption that obtains in all cases, viz., that the master has used reasonable care in the selection of the servant.

The judgment is reversed, with directions to enter judgment for the appellant.

PARKER, MORRIS, and CHADWICK, JJ., concur.